# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | Case No. 1:06CR00074 |
| v. | ) | |
| | ) | **OPINION AND ORDER** |
| **FLOYD RAY SCALES,** | ) | |
| | ) | By: James P. Jones |
| Defendant. | ) | Chief United States District Judge |

On April 30, 2007, the court sentenced the defendant in connection with a crack cocaine conviction. In so doing, the court considered the advisory federal sentencing guidelines as required under 18 U.S.C. § 3553(a).

Pursuant to its statutory authority, the United States Sentencing Commission has amended the federal advisory sentencing guidelines applicable to criminal cases involving cocaine base or crack cocaine, effective November 1, 2007. On December 11, 2007, the Sentencing Commission further decided that, effective March 3, 2008, the amended guideline provisions will apply retroactively to offenders who were sentenced under prior versions of the sentencing guidelines, and who are still incarcerated. Stated generally, the practical effect of the Sentencing Commission's actions is that certain federal defendants convicted of offenses involving crack cocaine may be eligible for a reduction in their current sentences, pursuant to the provisions of 18 U.S.C. § 3582(c)(2).

On March 19, 2008, the court received a Motion to Reduce Sentence pursuant to § 3582(c)(2) from the defendant.

Having considered the defendant's Motion to Reduce Sentence, the court concludes that the motion must be denied. The defendant pled guilty to possession with intent to distribute 50 or more grams of crack cocaine, in violation of 21 U.S.C. § 841(b)(1)(A). According to the findings and conclusions of the Presentence Investigation Report ("PSR")—which this court adopted—the defendant was responsible for 52.1 grams of crack cocaine and 125.2 grams of powder cocaine. Pursuant to USSG § 2D1.1 cmt. n.10, the powder and crack cocaine are converted into their marijuana equivalents in order to calculate drug quantity for purposes of establishing the defendant's base offense level. Accordingly, 52.1 grams of crack cocaine is equivalent to 729.4 kilograms of marijuana and 125.2 grams of powder cocaine is equivalent to 25.04 kilograms of marijuana. Thus, the amount of marijuana attributable to the defendant is 754.44 kilograms. Under the amended sentencing guidelines, this correlates with a base offense level of 30. However, the defendant's criminal history as detailed in the PSR indicates that the defendant is a career offender as defined in USSG § 4B1.1. Accordingly, his offense level is determined by reference to the table contained in that section. Therefore, the defendant's offense level is 37. After subtracting three points for his acceptance of responsibility, the

defendant's Total Offense Level is 34. As a career offender, his Criminal History Category is VI. Thus, the amended guidelines recommend a term of imprisonment between 262 and 327 months, the same as at the defendant's original sentencing. Because the recommended guideline range has not changed, this court will not reduce the defendant's sentence.

Accordingly, it is **ORDERED** that the defendant's Motion to Reduce Sentence (Doc. No. 38) is **DENIED**.

The Clerk will send copies of this order to the defendant and to the United States Attorney's Office.

ENTER: April 14, 2008

 /S/ JAMES P. JONES
Chief United States District Judge